FILED
CLERK, U.S. DISTRICT COURT

MAY - 8 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CASE NO: CV 05-1937 JVS (PLA)

CION ADONIS PERALTA ,

                        Plaintiff,

                                              JURY INSTRUCTIONS

            v.

T. C. DILLARD, *et al.,*

                        Defendants.

DATED: May 8, 2009

                        JAMES V. SELNA
                        UNITED STATES DISTRICT JUDGE

1

# COURT'S INSTRUCTION NO. 1

Members of the Jury:  Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

F

2

# COURT'S INSTRUCTION NO. 2

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff claims that defendant Sheldon Brooks deliberately deprived him of his rights against cruel and unusual punishment as guaranteed under the Eighth Amendment to the United States Constitution. Specifically, plaintiff claims that he faced a serious dental need that defendant Sheldon Brooks disregarded and failed to address, which resulted in harm to plaintiff. The plaintiff has the burden of proving this claim.

1

**COURT'S INSTRUCTION NO. 3**

2

3       When a party has the burden of proof on any claim by a preponderance of

4 the evidence, it means you must be persuaded by the evidence that the claim is

5 more probably true than not true.

6

7       You should base your decision on all of the evidence, regardless of which

8 party presented it.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28 F

# COURT'S INSTRUCTION NO.  4

The evidence you are to consider in deciding what the facts are consists of:

1.     the sworn testimony of any witness;

2.     the exhibits which are received into evidence; and

3.     any facts to which the lawyers have agreed.

5

# COURT'S INSTRUCTION NO.  5

In reaching your verdict you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence and you may not consider them in deciding what the facts are.  I will list them for you:

1.      Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objections or by the court's ruling on it.

3.      Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, some testimony and exhibits have been received only for a limited purpose; when I have given a limiting instruction, you must follow it.

4.      Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

# COURT'S INSTRUCTION NO.  6

Some evidence was admitted for a limited purpose only.  When I instructed you that an item of evidence was admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

# COURT'S INSTRUCTION NO. 7

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

# COURT'S INSTRUCTION NO. 8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness's memory;

3.    the witness's manner while testifying;

4.    the witness's interest in the outcome of the case and any bias or prejudice;

5.    whether other evidence contradicted the witness's testimony;

6.    the reasonableness of the witnesses' testimony in light of all evidence; and

7.    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the

F                                                     9

1 | number of witnesses who testify about it.
2 |
3 |
4 |
5 |
6 |
7 |
8 |
9 |
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 | F

**COURT'S INSTRUCTION NO. 9**

The parties have agreed to certain facts which have been stated to you.  You should therefore treat these facts as having been proved.

# COURT'S INSTRUCTION NO. 10

The evidence that a witness has been convicted of a crime, lied under oath on a prior occasion, or lied under oath in connection with this proceeding may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

12

# COURT'S INSTRUCTION NO. 11

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

13

**COURT'S INSTRUCTION NO.  12**

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

14

## COURT'S INSTRUCTION NO.  13

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

# COURT'S INSTRUCTION NO.  14

The Defendants have presented evidence that Plaintiff Peralta received packages containing food stuffs.  You may consider the content of these packages only for the purpose of evaluating his credibility, including whether he experienced pain, and the cause of any dental harm sustained by Plaintiff Peralta.

16

## COURT'S INSTRUCTION NO.  15

All parties are equal before the law and are entitled to the same fair and conscientious consideration by you.

17

# COURT'S INSTRUCTION NO.  16

The plaintiff brings his claim under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

## COURT'S INSTRUCTION NO. 17

In order to prevail on his § 1983 claim against defendant Sheldon Brooks, the plaintiff must prove each of the following elements by a preponderance of the evidence:

    1.    the defendant acted under color of law; and

    2.    the act[s] of the defendant deliberately deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions.

There is no dispute that Sheldon Brooks was acting under color of law.

# COURT'S INSTRUCTION NO.  18

The plaintiff has the burden to prove that the act[s] of defendant Sheldon Brooks deprived the plaintiff of particular rights under the United States Constitution. In this case, the plaintiff alleges the defendant deprived him of his rights under the Eighth Amendment to the Constitution because he faced a serious medical need that defendants disregarded, which caused him harm.

Under the Eighth Amendment, a convicted prisoner has the right to be free from "cruel and unusual punishments." In order to prove the defendant deprived the plaintiff of this Eighth Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1.      the plaintiff faced a serious medical need ;

2.      the defendant knew of that medical need and disregarded it; and

3.      the actions of the defendant caused harm to the plaintiff.

20

## COURT'S INSTRUCTION NO.  19

To establish a serious medical need, plaintiff must prove by a preponderance of the evidence that (i) a condition existed that a reasonable dentist or patient would find important and worthy of treatment; (ii) the presence of a dental condition that significantly affected plaintiff's daily activities; or (iii) plaintiff was experiencing  chronic and substantial pain.

**COURT'S INSTRUCTION NO.  20**

A prison-official defendant's deliberate disregard for a serious medical need may be shown by his denial or delay in providing medical treatment, or in the way in which the defendant provided medical care.  Or, you may infer that a defendant deliberately disregarded a serious medical need if you find that the defendant knew the extent of plaintiff's pain, knew that the course or treatment was largely ineffective, and declined to do anything more to attempt to improve the plaintiff's situation.

# COURT'S INSTRUCTION NO. 21

To establish deliberate indifference, a plaintiff must prove that a prison official knew of and disregarded an excessive risk to inmate health or safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference.

Negligence, even gross negligence, does not constitute deliberate indifference.

If the harm is remote rather than immediate, or if the officials do not know about it or cannot do anything about it, the subjective component is not established.

**COURT'S INSTRUCTION NO.  22**

The Eighth Amendment does not guarantee all prisoners medical care commensurate with that enjoyed by civilian populations.   Notwithstanding this fact, a prison dentist may not engage in deliberate indifference of a prisoner's serious medical needs.

## COURT'S INSTRUCTION NO. 23

A difference of opinion between informed and competent dental practitioners over proper dental treatment is insufficient to constitute an Eighth Amendment violation.

1
2

## COURT'S INSTRUCTION NO. 24

Evidence has been presented during the trial regarding dental staffing levels and the availability of resources at the Lancaster correctional facility where Plaintiff Peralta was incarcerated during the time of his alleged injuries in this case.

Whether a dentist or doctor met his duties to Plaintiff Peralta under the Eighth Amendment must be considered in the context of the personnel, financial, and other resources available to him or her or which he or she could reasonably obtain. A doctor or dentist is not responsible for services which he or she could not render or cause to be rendered because the necessary personnel, financial, and other resources were not available to him or her or which he or she could not reasonably obtain.

# COURT'S INSTRUCTION NO.  25

An individual defendant is liable for money damages under 42 U.S.C. § 1983 if he participated in and proximately caused the unconstitutional deprivations of which the plaintiff complains.

An injury or damage is proximately caused by an act or a failure to act whenever it appears from the evidence that the act or failure to act played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

More than one factor or thing or the conduct of more than one person may operate at the same time either independently or together to cause injury or damage and in such a case each may be a proximate cause.

# COURT'S INSTRUCTION NO. 26

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any harm you find was caused by the defendant. You should consider the following:

1.   The nature and extent of the injuries;

2.   Loss of enjoyment of life experienced to date and which with reasonable probability will be experienced in the future; and

3.   The physical pain and suffering experienced to date and which with reasonable probability will be experienced in the future.

It is for you to determine what damages, if any, have been proved.

There is no claim in this case for the cost of past or future dental work.

In determining the measure of damages, you shall not award any damages to compensate Plaintiff Peralta for any costs associated with any past or future dental work.

F

28

1          Your award must be based upon the evidence and not upon speculation,

2    guesswork or conjecture.  No fixed standard exists for deciding the amount of

3    damages.  You must use your judgment to decide a reasonable amount based on the

4    evidence and your common sense.

# COURT'S INSTRUCTION NO. 27

The law which applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

**COURT'S INSTRUCTION NO. 28**

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are not to compensate the plaintiff, but to punish a defendant and to deter a defendant and others from committing similar acts in the future.

The plaintiff has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence. You may award punitive damages only if you find that defendant's conduct was in reckless disregard of the plaintiff's rights. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's Eighth Amendment rights, or the defendant acts in the face of a perceived risk that his actions will violate the plaintiff's rights under federal law.

# COURT'S INSTRUCTION NO. 29

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

# COURT'S INSTRUCTION NO.  30

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

33

# COURT'S INSTRUCTION NO.  31

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

34